UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESUS MENDEZ,<br><br>    Defendant. | 2:08-CR-024 JCM (GWF) |

**ORDER**

Presently before the court are defendant's objections to Magistrate Judge George Foley's findings and recommendations regarding his motion to suppress. (Doc. #56.) Judge Foley's recommendations are based on his findings after an evidentiary hearing at which defendant argued that evidence seized during a consensual search of his car should be suppressed because the search was the result of an invalid traffic stop. Based on the arresting officer's testimony, Judge Foley recommended that this court deny the motion to suppress because the initial stop was valid. (Doc. #53.) Defendant objects to Judge Foley's findings and recommendations, claiming that the trooper who testified at the hearing did not have reasonable suspicion or probable cause to believe that a violation of NRS 484.307 had occurred when he initially stopped defendant.

Under Local Rule IB 3-2, this court conducts a *de novo* review of those portions of the specified findings or recommendations to which objections have been made. Based on a review of the record, it is clear that Judge Foley correctly found that the traffic stop was valid because the officer had probable cause to believe that defendant violated NRS 484.307.

NRS 484.307 prohibits the driver of a vehicle from following "another vehicle more closely

**James C. Mahan**
**U.S. District Judge**

than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Here, the trooper testified that, just prior to the stop, he observed defendant following a tractor-flat bed trailer at a distance of one and one-half car lengths for a period of ten seconds. He further testified that, based on his training, he believes a driver should maintain a distance of 2 seconds behind the vehicle in front of him.

Defendant argues that the ten second observation period was insufficient to establish reasonable suspicion that the defendant was violating the statute. (Doc. #56.) This court disagrees. Based on the nature of the traffic violation involved, it would be reasonable for the trooper to make a probable cause determination in ten seconds. And, because Trooper Martin reasonably believed that defendant violated the statute, the initial stop was proper. *See Whren v. United States*, 517 U.S. 806 (1996) (holding that the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Magistrate Judge Foley's report and recommendations (doc. #53) are AFFIRMED in their entirety.

IT IS FURTHER ORDERED that defendant's motion to suppress (doc. #17) be, and the same hereby is, DENIED.

DATED this 2nd day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**