1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8                                        * * *

9   UNITED STATES OF AMERICA,              )

10                  Plaintiff,             )
                                           )
11  vs.                                    )           2:08-CR-024-JCM-GWF
                                           )
12  JESUS MENDEZ,                          )
                                           )
13                  Defendant.             )                    **ORDER**
                                           )
14  _____)

15          Presently before the court is petitioner Jesus Mendez's motion to vacate, set aside, or correct

16  sentence pursuant to 28 U.S.C. § 2255.  (Doc. #91).  The government has filed a response (doc. #97),

17  to which petitioner has not replied.

18          Also before the court is petitioner's motion to reconsider this court's prior order denying the

19  appointment of counsel for the petitioner.  (Doc. #99).

20  **I.**      **Background**

21          On April 21, 2009, petitioner pleaded guilty to possession with intent to distribute five

22  kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(a)(2).

23  (Doc. #62).  On January 13, 2010, this court sentenced petitioner to 120 months in prison, followed

24  by five years of supervised release.  (Doc. #73).  The Ninth Circuit Court of Appeals affirmed the

25  conviction on December 22, 2010.  (Doc. #87).

26          Subsequently, on December 19, 2011, petitioner filed the instant motion.  Petitioner contends

27  that (1) his guilty plea was unlawfully induced; (2) the government obtained his conviction by use

28  of evidence gained pursuant to an unconstitutional search and seizure; (3) his trial and appellate

1   counsel did not provide effective assistance; (4) he should have been granted safety valve relief; and

2   (5) this court lacked jurisdiction over his case.

3   **II.**   **Discussion**

4   § 2255 Motion

5       **A.**   **Legal Standard**

6       Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may

7   file a petition for a writ of habeas corpus if he seeks a determination that (1) the judgment violates

8   the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment,

9   (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise

10  subject to collateral review.

11      **1.**   **Ground One: Guilty Plea Unlawfully Induced**

12      Petitioner contends that he pleaded guilty without understanding the consequences of his plea.

13  Specifically, petitioner claims that his appellate counsel assured him that the denial of his motion to

14  suppress could be raised on appeal.  Mot. Vacate at 5.

15      "[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal

16  all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States*

17  *v. Lopez-Armenta*, 400 F.3d 1173, 1175 (2005).  Once a guilty plea is entered, a petitioner may "only

18  attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258,

19  267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973).

20      This court found that petitioner's unconditional guilty plea was knowing and voluntary at the

21  time the plea was entered.  (Doc. 81 at 21-22).  Before accepting petitioner's guilty plea, the court

22  confirmed that petitioner "had ample opportunity" to discuss his case with his attorney and that

23  petitioner was satisfied with his attorney.  (Doc. #81 at 6).  Ultimately, petitioner never contends that

24  he was misinformed by his attorney, the prosecution, or the court at the time he chose to enter a plea

25  of guilty.  Mot. Vacate at 5.

26      The only claim petitioner makes with any specificity is that his appellate attorney told him

27  that he could appeal the denial of his motion to suppress.  The truth of this claim is irrelevant.  By

28  the time petitioner had any conversations with his appellate attorney, he had already entered his guilty

1   plea and waived his right to appeal antecedent constitutional defects.  In *United States v. Floyd*, 108

2   F.3d 202 (1997), the Ninth Circuit ruled that any misunderstanding of the law based on a

3   conversation with appellate counsel "cannot somehow relate back to [the] plea hearing" and render

4   the plea unknowing or involuntary.  *Id*. at 204.

5       The defendant in *Floyd* had a strong objective basis for her claim that she had been

6   misinformed.  At her sentencing hearing, three months after she pleaded guilty, her attorney informed

7   the court, on the record, that Floyd planned to appeal the denial of the suppression motion in her case.

8   The court responded, "Surely."  *Id*. at 203.  Both her attorney and the court mistakenly believed she

9   could appeal an antecedent constitutional defect after an unconditional guilty plea.  Even under these

10   circumstances, the Ninth Circuit found that any erroneous beliefs this caused could not "relate back"

11   to her plea hearing.

12       In the instant case, petitioner claims only that his attorney misinformed him in a private

13   conversation well after he entered his guilty plea and was sentenced.  If the defendant's misunder-

14   standing in *Floyd*, triggered by statements her attorney and the court made on the record are not

15   enough to relate back, this petitioner's after the fact private conversation with his attorney cannot

16   relate back.  Petitioner makes no specific claim that his plea was unknowing or involuntary at the

17   time that it was entered.  Therefore, petitioner's first claim is dismissed.

18       Reasonable jurists would not find this conclusion to be debatable or wrong.  Therefore, this

19   court will not issue a certificate of appealability on ground one.

20       **2.    Ground Two: Unconstitutional Search and Seizure**

21       As stated above, "an unconditional guilty plea constitutes a waiver of the right to appeal all

22   nonjurisdictional antecedent rulings and cures all antecedent constitutional defects."  *See Lopez-*

23   *Armenta*, 400 F.3d at 1175.  Petitioner's claim that his guilty plea was unlawfully induced is

24   dismissed.  Therefore, his unconditional guilty plea results in a waiver of the right to appeal the

25   denial of his motion to suppress.

26       Petitioner had a full opportunity to be heard before this court concerning his Fourth

27   Amendment claims and this court denied petitioner's motion to suppress.  (Doc. #59).  Petitioner's

28   claim has been heard and his right to appeal has been waived.  Petitioner's second claim is dismissed.

1   Reasonable jurists would not find this conclusion to be debatable or wrong.  Therefore, this
2   court will not issue a certificate of appealability on ground two.

3                   **3.      Ground Three: Ineffective Assistance of Counsel**

4        To establish ineffective assistance of counsel, the petitioner must demonstrate that the
5   counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases,"
6   and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of
7   the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 687, 694
8   (1984).  The purpose of guaranteeing effective assistance of counsel is "to insure that criminal
9   petitioners receive a fair trial."  *Id*. at 689.

10                        **a.      Trial Counsel**

11       Petitioner claims that his counsel failed to file an interlocutory appeal contesting the denial
12   of the motion to suppress.  However, the Ninth Circuit recognizes a "bright-line rule" that an
13   interlocutory appeal of the denial of a motion to suppress is available only to the government.  *United*
14   *States v. Eccles*, 850 F.2d 1357, 1362 (1988).  "[I]nterlocutory review is the child of necessity."  *Id*.
15   The government would be barred by the double jeopardy clause from a post-acquittal review while
16   post conviction review is available to the defendant.  *Id*.  Therefore, while interlocutory appeal of the
17   granting of a motion to suppress is necessary for the government, it is not necessary for defendants.
18   It is only because the petitioner waived his right to appeal nonjurisdictional antecedent rulings when
19   he entered his unconditional guilty plea that all avenues of appealing the denial of the motion to
20   suppress were exhausted.

21       The remainder of petitioner's contentions of ineffectiveness at the pretrial stage are vague,
22   conclusory, or both, and warrant summary dismissal.  *See Shah v. United States*, 878 F.2d 1156, 1161
23   (9th Cir. 1989) (vague or conclusory allegations in § 2255 claims warrant summary dismissal).

24                        **b.      Appellate Counsel**

25       Petitioner alleges that his appellate counsel (1) failed to seek a rehearing before the Ninth
26   Circuit en banc; (2) failed to seek certiorari before the Supreme Court; (3) failed to challenge the
27   jurisdiction of this court pursuant to 18 U.S.C. 3231; and (4) failed to research legal issues in a timely
28   and effective manner.

1        According to the Supreme Court, there is no constitutional right to counsel for discretionary

2   appeals.  *Ross v. Moffitt*, 417 U.S. 600, 610-11 (1974).  The Ninth Circuit has held that "[t]he

3   fourteenth amendment right to the effective assistance of appellate counsel is derived entirely from

4   the fourteenth amendment right to appellate counsel, and the former cannot exist where the latter is

5   absent."  *Miller v. Keeney*, 882 F.2d 1428, 1431-1432 (1989).  Therefore, there is no right to the

6   effective assistance of counsel once the direct appeals process is complete.  Petitioner had no need

7   to decide whether or not to seek a rehearing before the Ninth Circuit en banc or seek certiorari before

8   the Supreme Court until his final direct appeal had been denied.  In other words, the mere need for

9   such a decision "presupposes... the defendant's constitutional right to counsel, has come to an end."

10  *Id*. at 1432.  For these reasons, petitioner's first two allegations are not grounds for relief.

11       As explained below, petitioner's claim that this court lacks jurisdiction under 18 U.S.C. 3231

12  is without merit.  Failure to raise a meritless claim does not constitute ineffective assistance of

13  counsel.  *See Wilson v. Henry*, 185 F.3d 986, 991 (9th Cir. 1999).  Finally, petitioner's general claim

14  that his appellate counsel's research was inadequate is both vague and conclusory, and therefore fails

15  to state a claim upon which relief may be granted.  *See Shah*, 878 F.2d at 1161.  For the foregoing

16  reasons, petitioner's third claim is dismissed.

17       Reasonable jurists would not find this conclusion to be debatable or wrong.  Therefore, this

18  court will not issue a certificate of appealability on ground three.

19              **4.        Ground Four: Erroneous Denial of Safety Valve Relief**

20       Petitioner claims that this court erred when it denied safety valve relief in this case.  As

21  petitioner acknowledges, he has already been heard on this issue on direct appeal to the Ninth Circuit.

22  According to the Ninth Circuit, this court's findings "were sufficient and not clearly erroneous."

23  (Doc. #87).  Once a defendant has had the opportunity to litigate and appeal a claim, "that claim may

24  not be used as basis for a subsequent § 2255 petition."  *United States v. Hayes,* 231 F.3d 1132, 1139

25  (9th Cir. 2000).  Petitioner's fourth claim is dismissed.

26       Reasonable jurists would not find this conclusion to be debatable or wrong.  Therefore, this

27  court will not issue a certificate of appealability on ground four.

28

**5.      Ground Five: 18 U.S.C. 3231 is Invalid**

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.

Petitioner contends that § 3231 was not properly enacted, and, as a result, this court did not have jurisdiction to accept his guilty plea or sentence him to prison.

Every court to have considered such a claim has rejected it.  For example, as recently as 2010 the Third Circuit has affirmed that "Section 3231 was properly enacted and is binding."  *Wolford v. United States*, 362 Fed. Appx. 231, 232 (unpublished).  Petitioner's fifth claim is dismissed.

Reasonable jurists would not find this conclusion to be debatable or wrong.  Therefore, this court will not issue a certificate of appealability on ground five.

Motion to Reconsider Appointment of Counsel

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).  Pursuant to 18 U.S.C. § 3006A(2)(B), "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who" is seeking "relief under section . . . 2255 of title 28."

This court denied petitioner's motion for appointment of counsel because all of his previous communications with the court reflected a solid ability to read and write the English language and effectively communicate with the court.  (Doc. #98).  His only new contention is that this court should not use the composition of petitioner's motion seeking appointment of counsel (doc. #96) as evidence of his ability to communicate because he did not personally compose that document.  (Doc. #99).

The interests of justice do not require the court to appoint counsel in this case.  As previously explained, petitioner's § 2255 motion is without merit.

For the reasons stated above,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Jesus Mendez's motion to vacate, set aside, or correct sentence pursuant to § 2255 motion (doc. #91) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that petitioner's motion to reconsider this court's prior order denying the appointment of counsel for the petitioner (doc. #99) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as explained in the body of the court's order.

DATED April 6, 2012.

_____
UNITED STATES DISTRICT JUDGE